IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GREGORY ROYAL, | § | |
|     Plaintiff, | § | |
| v. | § | |
| | § | |
| KIRK PRESTON WATSON, MAYOR; | § | A-25-CV-188-ADA-ML |
| THE CITY OF AUSTIN, TEXAS; | § | |
| ROBIN HENDERSON, FORMER | § | |
| CHIEF OF POLICE; LISA DAVIS, | § | |
| CHIEF OF POLICE; CITY OF AUSTIN | § | |
| POLICE DEPARTMENT; RICHARD | § | |
| MENDOZA, TRANSPORTATION AND | § | |
| PUBLIC WORKS DIRECTOR; and | § | |
| TRANSPORTATION AND PUBLIC | § | |
| WORKS, | § | |
|     Defendants. | § | |

ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

TO THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE:

The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2) and Plaintiff's Motion to Stay Case (Dkt. 3). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

1

I.   **REQUEST TO PROCEED *IN FORMA PAUPERIS***

The court has reviewed Plaintiff Gregory Royal's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed with prejudice under 28 U.S.C. § 1915(e). According to the indigent status, the Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). However, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this Report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

II.   **REVIEW OF THE MERITS OF THE CLAIM**

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is

frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20-21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Royal brings claims for violations of Title VI of the Civil Rights Act of 1964; the United States Constitution, pursuant to 42 U.S.C. § 1983; and various state-law torts. Dkt. 1 (Compl.) at 2. He sues several city officials and entities, and the court construes Royal's claims against the individuals as in their official capacities. Therefore, of his Defendants, only Defendant City of Austin (the "City") is a legally recognizable entity. *See Jones v. City of Houston*, 756 F. App'x 341, 346 n.2 (5th Cir. 2018) ("We treat suits against municipal officials in their official capacities as suits against the municipality itself."); *see also Neal v. Flanery*, No. 1:20-CV-1217-RP, 2021 WL 164555, at *2 (W.D. Tex. Jan. 19, 2021) ("The Austin Police Department is not a legal entity capable of being sued.").

Royal alleges that Defendants, motivated by racial animus, destroyed and rendered inoperable Royal's 1998 Nissan Maxima. Compl. at 2-11. Royal alleges that the Maxima was parked along a street and "sidelined" while he waited to receive his replacement birth certificate in order to renew his driver's license. *Id.* ¶¶ 11, 13. He alleges that the Maxima was burglarized and rendered inoperable on February 11, 2024. *Id.* ¶ 15. Royal alleges that the Maxima's interior was vandalized "by cutting wires, ripping and tearing up the seats, breaking up the console and

steering column" and attributes the vandalism to the City. *Id.* Royal further alleges that on February 11, 2024, the City placed a notice describing the vehicle as abandoned on the inside of the driver's side window. *Id.* ¶ 16.

Royal alleges that on March 26, 2024, the Maxima was burglarized for a second time and the City placed a second notice of "Abandoned Motor Vehicle" on the outside of the car. *Id.* ¶ 19. Royal attributes the destruction of the Maxima to the City because of "the cleanliness of the grounds about the vandalized Maxima and the City's Notice being placed on the interior of [Royal's] Maxima." *Id.* ¶ 33. Royal also alleges the Austin Police Department repeatedly hacked into his computer and took actions including "cyberstalking, stealing and destroying [Royal's] data, prohibiting [Royal] from completing his job duties and court filings." *Id.* ¶ 21. Royal seeks $1,000,000, plus $100,000 pursuant to the Texas Tort Claims Act, punitive damages, and costs. *Id.* at 12-13.

Royal has failed to state any of his claims against the City because he has failed to allege sufficient facts to support his assertion that the City is responsible for any destruction to his property. Royal's only allegations connecting the City to the vandalism of his car are the two notices placed on the vehicle and "the cleanliness of the grounds" around the car. The undersigned does not find that either statement is sufficient to plausibly allege that the City is responsible for the destruction to Royal's Maxima. Royal's allegations merely suffice to show that the City placed notices on his car, providing him with ample warning, that his car was at risk to be towed. Furthermore, the undersigned finds Royal's allegations regarding cyberstalking and the destruction of his online data to be fantastical or delusional. Accordingly, the undersigned recommends that Royal's claims be dismissed with prejudice.

### III. ORDER AND RECOMMENDATIONS

The Magistrate Judge hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). Furthermore, the Magistrate Judge **RECOMMENDS** the District Judge **DISMISS WITH PREJUDICE** Plaintiff's claims.

Finally, as the Magistrate Judge is recommending dismissal of the entire case, the Magistrate Judge further **RECOMMENDS** the District Judge **MOOT** Plaintiff's Motion to Stay Case (Dkt. 3).

The referral of this case to the Magistrate Judge should now be **CANCELED**.

### IV. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within **fourteen (14) days** after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED October 28, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE